UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **DONALD BURGO** | **CIVIL ACTION NO. 6:10-cv-1647** |
| **LA. DOC #197078** | |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **WARDEN ROBERT HENDERSON** | **MAGISTRATE JUDGE HANNA** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Donald Burgo filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 21, 2010. Petitioner is an inmate in the custody of Louisiana's Department of Pubic Safety and Corrections; he is incarcerated at the C. Paul Phelps Corrections center, DeQuincy, Louisiana. Petitioner attacks his 2006 convictions for cruelty to the infirmed (La. R.S.14:94.3), his subsequent adjudication as a second felony offender (La. R.S.15:529.1), and the hard labor sentences imposed by Louisiana's Sixteenth Judicial District Court, St. Mary Parish, Louisiana.

This matter has been referred to the under signed for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Background*

On June 28, 2006, petitioner was convicted of two counts of cruelty to the infirmed following a bench trial in the Sixteenth Judicial District Court, St. Mary Parish. He was originally sentenced to serve concurrent 3-year sentences, however, he was subsequently adjudicated a second felony

offender and sentenced to serve concurrent 8-year sentences on each count.

He appealed his convictions and sentences to the First Circuit Court of Appeals raising two Assignments of Error: (1) erroneous admission of "other crimes" evidence; and (2) error with regard to the imposition of enhanced sentences on each count of conviction. On June 8, 2007 the First Circuit Court of Appeals affirmed the convictions for cruelty to the infirmed and petitioner's adjudication as a second offender; the Court however vacated the sentences and instructed the trial court to enhance only one of the sentences. *State of Louisiana vs. Donald Christopher Burgo*, 2007-0227 (La. App. 1 Cir. 6/8/2007), 958 So.2d 1217 (Table).[1] Petitioner did not seek further direct review in the Louisiana Supreme Court.[2] Shortly thereafter he was re-sentenced in accordance with the First Circuit's directive. The published jurisprudence indicates that he did not appeal the imposition of the new sentence.[3]

On March 9, 2009 petitioner filed a *pro se* application for Writ of Mandamus in the Sixteenth Judicial District Court seeking an order compelling the Court Reporter and Clerk of Court to produce various records and transcript. On April 15, 2009 the application was denied as moot, the court

---

[1] This unpublished opinion of the First Circuit can be accessed via the First Circuit's internet web site. According to Louisiana law, as cited by the court, "It is well established that the sentence for only one underlying conviction arising out of a multi-count bill of information can be enhanced when the convictions were entered the same day and when the offenses arise out of one criminal episode. [citation omitted] Because defendant's two convictions for cruelty to the infirmed were charged in the same bill of information, were entered on the same date, and arose from the same criminal episode, the trial court erred in enhancing the sentence for both convictions. Moreover, we note the habitual-offender bill of information only sought to enhance the sentence for one of the convictions for cruelty to the infirmed. Accordingly, we affirm the convictions and the habitual-offender adjudication, but vacate the habitual offender sentences and remand the matter for resentencing. On remand, the trial court shall impose two sentences, but only one of these two convictions shall receive an enhanced sentence." *State v. Burgo*, 2007-0227 (La. App. 1 Cir. 6/8/2007) at pp. 9-10.  http://www.la-fcca.org/index.php/opinions

[2] Petitioner implies that he sought further direct review [Doc. #1, ¶6(d)], however, the writ application he refers to was filed long after the conclusion of direct review.

[3] Indeed, since the sentence was imposed in accordance with the Court of Appeals' directive, there remained no further issues for appeal.

having noted that the documents in question had been previously supplied to counsel for appeal purposes. [Doc. #1-2, p. 26]

On September 24, 2009 petitioner filed a *pro se* application for writs in the Louisiana Supreme Court seeking review of a First Circuit Judgment under Docket Number 2009-KW-0186. Therein petitioner complained that the Sixteenth Judicial District Court and the First Circuit Court of Appeals "... denied his motion for the production of documents, namely (trial transcripts)... as there was a failure to state a particularized need..." [Doc. #1-2, pp. 41-49 at p. 44] On September 17, 2010 petitioner's writ application seeking review of the First Circuit writ denial noted above, was denied without comment. *State of Louisiana ex rel. Donald Burgo v. State of Louisiana*, 2009-2183 (La. 9/17/2010), 45 So.2d 1039. [See also Doc. #1-2, p. 40]

Meanwhile, on February 23, 2009 petitioner filed a *pro se* application for post-conviction relief in the Sixteenth Judicial District Court. [Doc. #1-2, ¶B; see also pp. 2-17][4] The application was denied and dismissed as untimely on June 3, 2009 [Doc. #1-2, p. 18; p. 27] and a Motion to Compel Discovery as Previously Ordered and a Motion for Discovery, Particulars and Inspection, along with a Motion for Rehearing were denied on June 26, 2009. [Doc. #1-2, p.28]

On October 12, 2009, the First Circuit granted writs and remanded petitioner's application for post-conviction relief to the district court having opined that the application was in fact timely under Louisiana law, since it had been filed within 2-years of the date petitioner's judgment became

---

[4] Petitioner himself claims that the pleading was filed on May 26, 2009; however the copy of the pleading supplied by the petitioner is dated on each page, "2-23-09" as is the affidavit which appears at the end of the document. Giving petitioner the benefit of the doubt and affording him in this instance the benefits of the "mailbox rule," the pleading will be considered filed on February 23, 2009, the date it was signed and thus the earliest date it could have been presented to prison officials for mailing. The "mailbox rule" provides that a prisoner's pleadings should be considered to have been filed as of the date the pleadings were presented to the prison authorities for mailing. See *Houston v. Lack*, 487 U.S. 266, 270-71, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

final under Louisiana law. [*State v. Burgo*, No. 2009-KW-1385 (La. App. 1 Cir. 10/12/2009) at Doc. #1-2, p. 29][5]

On November 18, 2009 the trial court addressed the merits of petitioner's application for post-conviction relief and denied relief. [Doc. #1-2, pp. 30-31] Then, on November 24, 2009 petitioner filed a Motion for Rehearing, which was also apparently denied. [Doc. #1-2, pp. 18-24; 32]

Petitioner then sought review of the denial of his application for post-conviction relief by filing an appeal in the First Circuit Court of Appeals. On December 17, 2009 the Court of Appeals dismissed the appeal noting that the "... proper method to seek review [of an application for post-conviction relief] is by application for supervisory writs..." *State v. Burgo*, No. 2009-KA-1936 at Doc. #1-2, p. 25]

Petitioner sought review of the denial of his motion for rehearing and on May 24, 2010 the First Circuit denied writs noting, "There is no right to seek rehearing of the denial of an application for post conviction relief." *State v. Burgo*, No. 2010-KW-0444 at Doc. #1-2, p. 33.

On May 30, 2010 petitioner filed a *pro se* writ application in the Louisiana Supreme Court seeking review of judgments of the First Circuit Court of Appeals in cases under Docket Numbers 2009-KW-1936 (the First Circuit Judgment dismissing petitioner's attempt to appeal the denial of his application for post-conviction relief) and 2010-KW-0444 (the judgment denying petitioner's request for re-hearing). Petitioner raised the following claims (1) Court erred in introducing

---

[5] Noting that the limitations period established by La. C.Cr.P. art. 930.8(A) begins to run only after the conviction is final, the Court observed, "Relator did not file for rehearing with this Court or seek review with the Louisiana Supreme Court following the [June 8, 2007] decision on his appeal. Therefore, relator's convictions became final fourteen days after the June 8, 2007 decision..." *State v. Burgo*, No. 2009-KW-1385 (La. App. 1 Cir. 10/12/2009) at Doc. #1-2, p. 29.

evidence of prior bad acts; (2) the court erred in upgrading the charges without a preliminary hearing; (3) the District Attorney acted vindictively when he upgraded the charges; (4) petitioner was exposed to double jeopardy; (5) ineffective assistance of counsel; and (6) insufficiency of the evidence. [Doc. #1-2, pp. 50-64] That matter apparently remains pending before the Supreme Court under Docket Number 2010-KH-1498. [Doc. 1, ¶10(b)].

On September 25, 2010 petitioner signed the instant petition for *habeas corpus* [Doc. #1, p. 8]; his cover letter was signed and post-marked on October 20, 2010. [Doc. #1, pp. 9-10] The petition alleges the following grounds for relief: (1) insufficiency of the evidence; (2) double jeopardy; (3) ineffective assistance of counsel; and, (4) illegal use of other crimes evidence.

*Law and Analysis*

*1. Limitations – 28 U.S.C. §2244(d)(1)(A)*

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a one-year statute of limitations for filing applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[6]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted

---

[6] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).  However, any lapse of time <u>before</u> the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period  [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007).  Federal courts may raise the one-year time limitation *sua sponte. Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner timely appealed his conviction to the First Circuit Court of Appeals. On June 8, 2007 his convictions and his adjudication as a second felony offender were affirmed. *State of Louisiana v. Donald Christopher Burgo*, 2007-0227 (La. App. 1 Cir. 6/8/2007), 958 So.2d 1217. Petitioner did not seek further direct review in Louisiana's Supreme Court and therefore his judgment of conviction "... became final by ... expiration of the time for seeking [further direct] review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired, or, on or about July 9, 2007.[7]

Thereafter, petitioner had one year, or until July 9, 2008 to file his federal *habeas corpus* suit. He cannot  rely on the statutory tolling provision of 28 U.S.C. §2244(d)(2) because he did not file his otherwise timely application for post-conviction relief until February 23, 2009 and by that time,

---

[7] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..." Uniform Rules, Courts of Appeal Rule 2-16.4 provides, "In every case, one copy of the published or unpublished opinion, when rendered, shall be delivered or mailed to the trial judge, the clerk of the trial court, all appeal counsel of record, and all parties not represented by counsel." Since the First Circuit's opinion was rendered on June 8, 2007, it must be presumed that the Court followed its own rule and mailed the opinion to appellate counsel on that same day. The 30-day period of limitations prescribed by Rule X expired on or about July 9, 2007.

the AEDPA's 1-year limitations period had expired and could not be revived. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999).

Since more than one un-tolled year elapsed between the date petitioner's judgment of conviction became final and the date he filed the instant petition, his claims are time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

## *2. Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "... a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* — U.S. —, 130 S.Ct. 2549, 2562, (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

Nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.

*3. Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. §2253(c)(2).

**A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Lafayette, Louisiana January 18, 2011.

Patrick J. Hanna
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)